UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTIONETTE SLAUGHTER,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY VIEW I LLP, et al.,<br><br>Defendants. | Case No. C24-273RSM<br><br>ORDER TO SHOW CAUSE |

*Pro se* Plaintiff Antoinette Slaughter was granted leave to proceed *in forma pauperis* in this matter on February 28, 2024. Dkt. #4. The Complaint has been posted on the docket. #5. Summonses have not yet been issued. The Court has now determined that this case must be reviewed prior to issuing summonses.

Ms. Slaughter brought a case against these same Defendants last year. *See* Case No. C23-1360-JLR. Judge Robart summarized the facts of that case:

> Ms. Slaughter initiated this action based on an apparent dispute with Valley View, the management company of her apartment building, and its employees. (*See, e.g.*, Compl. at 6, 9-14, 26-27, 36-37.) Ms. Slaughter alleges Valley View and its employees have subjected her to harassment, retaliation, and discrimination—including by commencing eviction proceedings against her—in response to a fair housing complaint she lodged with the U.S. Department of Housing and Urban Development ("HUD") and various other government agencies. (*Id*. at 6, 9-14, 43-45.) Ms.

ORDER - 1

> Slaughter also alleges that Valley View and its employees engaged in "[u]nfair, abusive, and deceptive management practices," "[r]ight to privacy violations," "[h]ostile living [e]nvironment," "[e]motional [a]buse," "[p]oor communication," and "falsifying documents." (*Id.* at 26-27, 36-37, 39.) Ms. Slaughter raises additional claims against KCHA, Mayor Harrell, Mr. Brooks, and Seattle Public Schools either for "[c]onflict of [i]nterest" under RCW 43.160.040 or for "[f]ostering discriminatory conduct." (*Id.* at 3, 34-35, 38.) Generally, Ms. Slaughter brings her claims under 42 U.S.C. § 1983, alleging the Defendants violated her equal protection rights under the Fourteenth Amendment. (*Id.* at 5.) The court also construes Ms. Slaughter's complaint as raising discrimination and retaliation claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19, 3631. Ms. Slaughter requests damages in the amount of $100,000,000. (*Id.* at 7.)

Case No. C23-1360-JLR, Dkt. #5 at 2–3. Judge Robart struggled with Ms. Slaughter's failure "to include specific factual allegations regarding when she filed her various complaints and the subject matter of those complaints," noted that there are several "incomplete documents" attached to the complaint, and ruled that "it is not the court's duty to sort through Ms. Slaughter's complaint and documents in order to piece together the basis of her claim." *Id.* at 6 (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)). Judge Robart dismissed Ms. Slaughter's claims because: a) "Ms. Slaughter fails to provide sufficient detail of the facts supporting her [FHA] retaliation claim;" b) she failed to provide "facts showing that she belongs in a class of persons protected under the FHA and that she is entitled to relief under either a disparate treatment or disparate impact theory;" c) she failed to allege facts sufficient to show "Valley View's conduct amounts to state action" so as to support a § 1983 claim; d) KCHA and Seattle Public Schools are not proper Defendants in a § 1983 action; and e) "the complaint names Mayor Harrell and Mr. Brooks as Defendants but fails to provide any facts regarding the acts they allegedly committed that Ms. Slaughter contends violated her

ORDER - 2

rights." *Id*. at 4–13. That case was ultimately dismissed for failure to amend within the deadline set by Judge Robart.

This Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Ms. Slaughter has now brought this second case against the same Defendants. She acknowledges her prior case. Dkt. #5 at 3. She alleges the Court has jurisdiction under the 14th Amendment. *Id.* at 5. The new lawsuit contains even fewer factual details than the first one. Under "Statement of Claim," Ms. Slaughter states "discrimination, retaliation, harassment violence against women (stalking) denial of a reasonable accommodation interference with rental assistance." *Id.* at 6. The first incident occurred June 2, 2020, and the most recent incident was February 1, 2024. *Id.* Although the Court is given these dates, there are no descriptions of the incidents. Under "Injuries" she alleges "psychological trauma, emotional exhaustion, mental and emotional duress caused my (family) [sic], anxiety, disregard of my disability (air quality), embarrassment, humiliation and pain and suffering." *Id.* at 7. She is seeking $100,000,000 in relief. *Id*. There are no further factual details in the Complaint. Ms. Slaughter has attached a 15-page exhibit. Dkt. #5-1. This exhibit appears to contain a "30-day Notice to Pay Rent or Vacate the Premises" from last December, an "Amended Housing Discrimination Complaint" drafted by Plaintiff last May, a letter to Judge Robart from last October, a letter to Seattle Mayor Bruce Harrell, and several other similar letters to various Defendants, some of which appear to be incomplete. *Id*.

The Court believes dismissal is again warranted under 28 U.S.C. § 1915(e)(2)(B)(ii) for the above reasons previously identified by Judge Robart. The Complaint filed by Ms.

ORDER - 3

Slaughter in this case does not contain adequate information. It is not possible for Defendants to respond without further details. Defendants and the Court cannot piece together Ms. Slaugther's factual and legal allegations by reviewing her statements in letter and prior filings; these allegations must be contained in a single complaint that conforms to Federal Rule of Civil Procedure 8. Furthermore, the Court believes that Judge Robart has correctly identified several undeniable legal problems with this lawsuit. In Response to this Order, Ms. Slaughter must write a short statement telling the Court why each of her claims should not be dismissed for failing to provide sufficient factual detail, failing to state how these facts support the elements of her legal claims, failing to demonstrate how the Court has jurisdiction, failed to allege facts sufficient to show Defendants' conduct amounts to state action so as to support a § 1983 claim, and failing to name the proper Defendants in a § 1983 action. **This Response may not exceed six double-spaced (6) pages**. Attachments or amended pleadings are not permitted. The Court will take no further action in this case until Ms. Slaughter has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Ms. Slaughter shall file a Response to this Order to Show Cause containing the detail above **no later than Tuesday, April 30, 2024**. Failure to file this Response will result in case dismissal. The Court will not rule on Plaintiff's request for counsel, Dkt. #6, until she has filed the above Response. The Court DIRECTS the Clerk to mail a copy of this Order and a copy of Judge Robart's prior Order, Case No. C23-1360-JLR, Dkt. #5, to Plaintiff.

DATED this 11th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4