UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTIONETTE SLAUGHTER, | Case No. C24-273RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| VALLEY VIEW I LLP, et al., | |
| Defendants. | |

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Antoinette Slaughter was granted leave to proceed *in forma pauperis* on February 28, 2024. Dkt. #4. The Complaint was posted on the docket. Dkt. #5. Summonses have not yet been issued.

On March 11, 2024, the Court found that dismissal was likely warranted under 28 U.S.C. § 1915(e)(2)(B)(ii). Dkt. #7. The Court ordered Ms. Slaughter to "write a short statement telling the Court why each of her claims should not be dismissed for failing to provide sufficient factual detail, failing to state how these facts support the elements of her legal claims, failing to demonstrate how the Court has jurisdiction, failed to allege facts sufficient to show Defendants' conduct amounts to state action so as to support a § 1983 claim, and failing to name the proper Defendants in a § 1983 action." *Id.* at 4. The Court noted that it

ORDER - 1

would take no further action until the response to its Order to Show Cause was filed and that failure to file such would result in dismissal. *See id.*

The response was due April 30, 2024. No response was filed. Instead, Ms. Slaughter filed a one-page Motion for Recusal that did not address the above issues. *See* Dkt. #8.

This Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court will start by addressing the sufficiency of the pleadings and procedural history. Ms. Slaughter brought a case against these same Defendants last year. *See* Case No. C23-1360-JLR. Judge Robart summarized the facts of that case:

> Ms. Slaughter initiated this action based on an apparent dispute with Valley View, the management company of her apartment building, and its employees. (*See, e.g.*, Compl. at 6, 9-14, 26-27, 36-37.) Ms. Slaughter alleges Valley View and its employees have subjected her to harassment, retaliation, and discrimination—including by commencing eviction proceedings against her—in response to a fair housing complaint she lodged with the U.S. Department of Housing and Urban Development ("HUD") and various other government agencies. (*Id.* at 6, 9-14, 43-45.) Ms. Slaughter also alleges that Valley View and its employees engaged in "[u]nfair, abusive, and deceptive management practices," "[r]ight to privacy violations," "[h]ostile living [e]nvironment," "[e]motional [a]buse," "[p]oor communication," and "falsifying documents." (*Id.* at 26-27, 36-37, 39.) Ms. Slaughter raises additional claims against KCHA, Mayor Harrell, Mr. Brooks, and Seattle Public Schools either for "[c]onflict of [i]nterest" under RCW 43.160.040 or for "[f]ostering discriminatory conduct." (*Id.* at 3, 34-35, 38.) Generally, Ms. Slaughter brings her claims under 42 U.S.C. § 1983, alleging the Defendants violated her equal protection rights under the Fourteenth Amendment. (*Id.* at 5.) The court also construes Ms. Slaughter's complaint as raising discrimination and retaliation claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19, 3631. Ms. Slaughter requests damages in the amount of $100,000,000. (*Id.* at 7.)

ORDER - 2

Case No. C23-1360-JLR, Dkt. #5 at 2–3. Judge Robart struggled with Ms. Slaughter's failure "to include specific factual allegations regarding when she filed her various complaints and the subject matter of those complaints," noted that there are several "incomplete documents" attached to the complaint, and ruled that "it is not the court's duty to sort through Ms. Slaughter's complaint and documents in order to piece together the basis of her claim." *Id*. at 6 (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)). Judge Robart dismissed Ms. Slaughter's claims because: a) "Ms. Slaughter fails to provide sufficient detail of the facts supporting her [FHA] retaliation claim;" b) she failed to provide "facts showing that she belongs in a class of persons protected under the FHA and that she is entitled to relief under either a disparate treatment or disparate impact theory;" c) she failed to allege facts sufficient to show "Valley View's conduct amounts to state action" so as to support a § 1983 claim; d) KCHA and Seattle Public Schools are not proper Defendants in a § 1983 action; and e) "the complaint names Mayor Harrell and Mr. Brooks as Defendants but fails to provide any facts regarding the acts they allegedly committed that Ms. Slaughter contends violated her rights." *Id*. at 4–13. That case was ultimately dismissed for failure to amend within the deadline set by Judge Robart.

Ms. Slaughter brings this second case against the same Defendants. She acknowledges her prior case. Dkt. #5 at 3. She alleges the Court has jurisdiction under the 14th Amendment. *Id.* at 5. However, this lawsuit contains even fewer factual details than the first one. Under "Statement of Claim," Ms. Slaughter states "discrimination, retaliation, harassment violence against women (stalking) denial of a reasonable accommodation interference with rental assistance." *Id.* at 6. The first incident occurred June 2, 2020, and the most recent incident was February 1, 2024. *Id.* Although the Court is given these dates, there are no descriptions of the

ORDER - 3

incidents. Under "Injuries" she alleges "psychological trauma, emotional exhaustion, mental and emotional duress caused my (family) [sic], anxiety, disregard of my disability (air quality), embarrassment, humiliation and pain and suffering." *Id*. at 7. She is seeking $100,000,000 in relief. *Id*. There are no further factual details in the Complaint. Ms. Slaughter has attached a 15-page exhibit. Dkt. #5-1. This exhibit appears to contain a "30-day Notice to Pay Rent or Vacate the Premises" from last December, an "Amended Housing Discrimination Complaint" drafted by Plaintiff last May, a letter to Judge Robart from last October, a letter to Seattle Mayor Bruce Harrell, and several other similar letters to various Defendants, some of which appear to be incomplete. *Id*.

The Court finds that dismissal is again warranted under 28 U.S.C. § 1915(e)(2)(B)(ii) for the above reasons previously identified by Judge Robart. The Complaint filed by Ms. Slaughter in this case does not contain adequate information. It is not possible for Defendants to respond without further details. Defendants and the Court cannot piece together Ms. Slaughter's factual and legal allegations by reviewing her statements in letter and prior filings; these allegations must be contained in a single complaint that conforms to Federal Rule of Civil Procedure 8. Furthermore, the Court finds that Judge Robart has correctly identified several undeniable legal problems with this lawsuit. Dismissal is warranted for failing to provide sufficient factual detail, failing to state how the facts support the elements of the legal claims, failing to demonstrate how the Court has jurisdiction, failing to allege facts sufficient to show Defendants' conduct amounts to state action as required for a § 1983 claim, and failing to name the proper Defendants in a § 1983 action.

Dismissal is also warranted for failure to respond to the Court's Order to Show Cause.

ORDER - 4

Having determined that dismissal is warranted on the above grounds, and having stated that the Court would take no action in this case other than the 28 U.S.C. § 1915(e)(2)(B) review, the Court finds that review of Ms. Slaugther's Motion for Recusal is possibly moot. However, in an abundance of caution, the Court will address this Motion.  Ms. Slaughter requests a different Judge in this matter only because "[h]istorically, Hispanic people DO NOT like Black People and have always protected the interest of the Hispanic community members, now I am being harassed and discriminated against under the guise of Hispanic Management and maintenance team." Dkt. #8 at 1 (emphasis in original) (superfluous parentheses removed). No other details are provided.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned."  Federal judges also disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  *See* 28 U.S.C. § 455(b)(1).

The undersigned's impartiality cannot reasonably be questioned solely on the basis of his race or cultural heritage.  There are no specific facts in this case evidencing a personal bias or prejudice or personal knowledge.  Accordingly, the undersigned judge declines to voluntarily recuse himself.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED WITH PREJUDICE as this is her second case bringing these claims.

ORDER - 5

2) Plaintiff's Motion for Recusal, Dkt. #8, is DENIED.  In accordance with LCR 3(f), this Order is referred to the Honorable David G. Estudillo for review of this decision.  The Clerk is directed to provide a copy of this Order to Chief Judge Estudillo.

3) All other pending Motions are STRICKEN as moot.

4) This case is CLOSED.

DATED this 1st day of May, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6