UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTOINETTE SLAUGHTER,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VALLEY VIEW I LLP et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-cv-00273-RSM<br><br>ORDER AFFIRMING DENIAL (DKT. NO. 9) OF MOTION FOR RECUSAL (DKT. NO. 8) |

　　　　This matter comes before the Court on Judge Martinez's denial (Dkt. No. 9) of Plaintiff's motion for recusal (Dkt. No. 8).  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."

　　　　Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party.  28 U.S.C. § 455(a), (b)(1).  In addition, recusal is required pursuant to § 144 when a party "files a timely and sufficient

affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Plaintiff's motion seeks recusal based on conclusory assertions relating to Judge Martinez's race or cultural heritage as well as an apparent belief that Judge Martinez should have appointed counsel for Plaintiff. (Dkt. No. 8 at 1.) These are not bases on which a judge's impartiality may reasonably be questioned. *See MacDraw, Inc. v. CIT Group Equipment Financing, Inc.*, 138 F.3d 33, 37 (2d Cir. 1998) ("A suggestion that a judge cannot administer the law fairly because of the judge's racial and ethnic heritage is extremely serious and should not be made without a factual foundation going well beyond the judge's membership in a particular racial or ethnic group."); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."). The Court AFFIRMS Judge Martinez's denial (Dkt. No. 9) of Plaintiff's motion for recusal (Dkt. No. 8).

Dated this 15th day of May 2024.

David G. Estudillo
United States District Judge